I am of opinion that the judgment must be reversed for this reason.
Rossell, J.
— Did not agree with the Chief Justice as to the objection arising on the defect of the venire, but agreed to reverse the judgment of the Justice, on the ground that the state of demand exceeded 0100.
Pennington, J.
— I think that this judgment should be reversed for the following causes:
1st. That tort and contract are joined together in the same action; that is, damages for trespass on land, and work and labor, board and diet, grain sold and delivered, &c.
2d. That the state of demand filed, exceeded in amount one hundred dollars; and, therefore that the Justice had not jurisdiction of the cause.
3d. That the Justice over-ruled the plea of the statute of limitations, which the defendant had pleaded. This was an unwarrantable exercise of authority in the Justice; depriving the defendant of a right he had acquired under the statute lawr of the state. So far from frowning [*] at the statute of limitations, it was in this case, to be favoured. The charges were of such a nature, as to excite suspicion against their fairness; such as damage done by cattle, ten or tw'elve years before the action brought; oxen part of a day; board one, two, or three days; attendance one day when sick; fork-tines brought home without a handle, ten years before action brought, and other items of a like suspicious kind; and no charge since the year 1797; and part of the account upwards* of twenty years standing; the whole prima fade barred by the statute of limitations; and, therefore, a proper subject of a plea of that statute, which plea ought not to have been* over-ruled.
Judgment reversed.
Isaac H. Williamson, for the plaintiff.